UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 26-03094-KK-PVCx** | Date: | May 19, 2026 |
|---|---|---|---|

| Title: | ***Xiangying Chen v. Joseph B. Edlow et al.*** |
|---|---|

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order DENYING Plaintiff's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction [Dkt. 12]**

On March 23, 2026, plaintiff Xiangying Chen ("Plaintiff") filed the operative Complaint against defendants Joseph B. Edlow, Kristi Noem, and Pamela Bondi (together, "Defendants"), raising claims related to the United States Citizenship & Immigration Service's ("USCIS") delay in adjudicating her Form I-485, Application to Register Permanent Residence or Adjust Status.  ECF Docket No. ("Dkt.") 1, Complaint.

On May 13, 2026, Plaintiff filed the instant Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction ("Motion"), seeking a temporary restraining order ("TRO") enjoining Defendants from removing her from the United States pending USCIS's adjudication of her Form I-485 and requiring USCIS to either adjudicate the Form I-485 within fourteen days or file a status report on the Form I-485.[1]  Dkt. 12, Motion ("Mot.").

Local Rule 7-19.1 provides an ex parte application must "advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application."  C.D. Cal. L.R. 7-19.1.  A judge may waive the notice requirement of Local Rule 7-19.1 if the Court "finds that the interest of justice requires that the ex parte application be heard without notice (which in the instances of a TRO means that the requisite showing under

---

[1] While styled as a "motion", the Court construes the Motion as an ex parte application rather than a noticed motion.  See United States ex rel. IONM LLC v. Univ. of S. Cal., No. CV 18-08311-WLH-ASx, 2023 WL 8290414, at *2 n.2 (C.D. Cal. Oct. 27, 2023) ("[A] motion or application that is not motioned for hearing is effectively an ex parte application." (citation modified)).

---

[Federal Rule of Civil Procedure] 65(b) has been made)." C.D. Cal. L.R. 7-19.2. Pursuant to Federal Rule of Civil Procedure 65(b) ("Rule 65(b)"), the Court may issue a TRO without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). There are "very few circumstances justifying the issuance of an ex parte TRO." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). For instance, notice may be excused where it "is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." Id. (citation modified).

Here, Plaintiff's Motion fails to comply with either Local Rule 7-19.1 or Rule 65(b). Plaintiff has not "advise[d] the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." C.D. Cal. L.R. 7-19.1. Moreover, Plaintiff's counsel has not "certifie[d] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Instead, Plaintiff's Motion merely asserts in an unsworn statement that "[c]ounsel for Respondents was contacted on May 1, 2026 and has not yet responded." Mot. at 20.

Additionally, Plaintiff fails to demonstrate she either provided Defendants notice of her Motion or should be excused from providing such notice. To the extent Plaintiff contends her contact with Defendants' counsel on May 1, 2026 constitutes notice, she fails to establish she advised Defendants "of the date and substance" of the Motion. C.D. Cal. L.R. 7-19.1. Further, Plaintiff fails to provide any valid basis for which the notice requirement may be excused under Local Rule 7-19.2 or Rule 65(b). Indeed, given Defendants are public officials, providing notice is entirely feasible. Cf. Turner v. Cate, No. C 10-560 SBA (PR), 2010 WL 1028458, at *4 (N.D. Cal. Mar. 18, 2010) (denying plaintiff's request for a TRO where "[n]otice could and should have been given since plaintiff has identified the defendants by name and all are State public officials who can easily be located").

In addition to failing to comply with Local Rule 7-19.1 and Rule 65(b), Plaintiff's Motion fails to show the use of ex parte procedures is warranted. Unlike regularly noticed motions, applications for ex parte relief are "inherently unfair" and "pose a threat to the administration of justice" because "the parties' opportunities to prepare are grossly unbalanced." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995). Hence, to justify use of ex parte procedures, a party seeking ex parte relief must show: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id. at 492.

Here, Plaintiff fails to demonstrate she "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." Mission Power Eng'g Co., 883 F. Supp. at 490. While Plaintiff asserts her "removal before adjudication may cause abandonment of her pending Form I-485," it does not appear she is subject to a final order of removal and will therefore be imminently removed from the United States. Mot. at 14 (emphasis added); see also id. at 15 (alleging Plaintiff is "in active removal proceedings"). Hence, to the extent Plaintiff asserts harms from her potential removal and seeks to enjoin her removal from the United States, she fails

---

**CIVIL MINUTES—GENERAL**

to establish she will suffer such harms before her underlying motion can be heard according to noticed motion procedures.

In light of the foregoing, the Court finds Plaintiff fails to establish "circumstances justifying the issuance of an ex parte TRO."  Reno Air Racing Ass'n, Inc., 452 F.3d at 1131.  Accordingly, Plaintiff's Motion is **DENIED** without prejudice.

**IT IS SO ORDERED**.