Sarah L. Vuong
Ariela Lake Law & Consulting PLLC
CA Bar No. 258528
1221 Hermosa Ave. Suite 101
Hermosa Beach, CA 90254
(202) 996-5757
Sarah@allc.law

Karen Weinstock
Weinstock Immigration Lawyers, P.C.
1827 Independence Square
Atlanta, GA 30338
Phone: (770) 913-0800
New York Bar # 2985620
kweinstock@visa-pros.com
*Pro Hac Vice*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| XIANGYING CHEN,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH B. EDLOW, *et al*.<br><br>Defendants. | CASE NO.: 2:26-cv-3094-KK<br><br>Judge Kenly Kiya Kato<br><br>Magistrate Judge Castillo |

**PLAINTIFF'S RENEWED SECOND EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION AND/OR ORDER TO SHOW CAUSE RE: EXPEDITED ADJUDICATION OF FORM I-485**

Plaintiff Xiangying Chen respectfully renews her emergency request for narrowly tailored temporary relief requiring Defendants to issue a final adjudication of her pending Form I-485, receipt number WAC2490028885, by close of business on Thursday, July 16, 2026. For purposes of this motion, "close of business" means 5:00 p.m. Pacific Time. If the Court is not inclined to order adjudication by that deadline, Plaintiff requests the less intrusive alternative of an order requiring Defendants to file a detailed status report by that same deadline and to appear at an emergency hearing before Plaintiff's July 17, 2026 removal hearing.

Emergency relief is necessary because Plaintiff has been detained since January 14, 2026, and faces an imminent removal hearing on July 17, 2026. Compl., ECF No. 1 at 9–10; Ex. 1 (IJ Order dated July 7, 2026). The Immigration Judge has denied a continuance, stated that the Immigration Court lacks jurisdiction over Plaintiff's USCIS-pending adjustment application, and warned that if no relief is identified, the court may proceed without delay and could issue an order of removal. IJ Order dated July 7, 2026.

Plaintiff recognizes that the primary requested TRO is mandatory because it requires agency action. Even under the heightened scrutiny applicable to mandatory interim relief, the requested order is warranted because Plaintiff seeks only the discrete adjudicatory act USCIS is legally required to perform, and the record shows extraordinary circumstances: prolonged detention, an imminent removal hearing, denial of a continuance, EOIR's stated lack of jurisdiction over the pending I-485, and new comparator evidence showing Plaintiff's post-RFE delay is an outlier.

Plaintiff does not seek to stay removal or enjoin EOIR. She seeks only to require USCIS to perform its non-discretionary duty to adjudicate an application already before it. Nor is this a generic request to expedite or to cut ahead of similarly situated applicants. Plaintiff seeks to remedy

an outlier delay shown by comparator evidence in a unique custody and imminent-removal context, where similarly situated and later-filed applicants have already been adjudicated while Plaintiff's earlier-filed, post-RFE application remains pending. Luo Decl. ¶¶ 8–13. Ex. 2.

This renewed motion is procedurally proper because it rests on new evidence and changed emergency circumstances that were not before the Court when it denied prior emergency relief. Plaintiff now submits comparator evidence directly responsive to the Court's prior ruling, including post-RFE adjudication timelines for materially similar post-RIA EB-5 adjustment applications. Luo Decl. ¶¶ 3–13. Plaintiff also submits evidence that the Immigration Judge denied a continuance on July 7, 2026, leaving USCIS as the only agency capable of acting before the July 17 removal hearing. Ex. 1 (IJ Order dated July 7, 2026).

In denying prior emergency relief, the Court identified the precise evidentiary gap this renewed motion now fills. The Court stated:

"While Plaintiff notes USCIS 'has continued to delay a decision for another 150 days' after she responded to the RFE, she does not offer any evidence indicating USCIS typically issues a decision more quickly after receiving a response to an RFE."

The Court further stated:

"To the extent Plaintiff asserts the delay in processing her Form I-485 has become unreasonable in light of her EB-5 petition and response to USCIS's RFE, she fails to show similar applications are typically adjudicated in fewer than 28 months or that her application is being delayed in comparison to similar applications."

Plaintiff now supplies precisely that evidence.

2

## I.   RELIEF REQUESTED

Plaintiff respectfully requests that the Court enter a temporary restraining order requiring Defendants to issue a final adjudication of Plaintiff Xiangying Chen's Form I-485 application, receipt number WAC2490028885, by close of business on Thursday, July 16, 2026. For purposes of this motion, "close of business" means 5:00 p.m. Pacific Time. That deadline is necessary so USCIS acts before Plaintiff's July 17, 2026 removal hearing.

For purposes of this motion, the only adjudication date that can prevent the specific irreparable harm identified here is July 16, 2026. A non-binding scheduling update, aspirational estimate, or future date after the July 17 removal hearing would not prevent the substantial risk that removal proceedings will overtake the pending USCIS adjudication.

If the Court is not inclined to order adjudication by that deadline, Plaintiff requests the less intrusive alternative of an order requiring Defendants, by 5:00 p.m. Pacific Time on Thursday, July 16, 2026, to file a detailed status report and to appear at an emergency hearing before Plaintiff's July 17, 2026 removal hearing.

That status report should identify with specificity:

1. every concrete, case-related impediment preventing adjudication by July 16, 2026;

2. every remaining step before adjudication;

3. why USCIS has not completed adjudication despite comparator evidence showing materially shorter post-RFE adjudication periods in similar cases;

4. why adjudication cannot occur before the July 17, 2026 hearing in light of USCIS's June 24, 2026 notice stating that preliminary review had been completed and its June 26, 2026 notice stating that the case was transferred to the California Service Center "to speed up processing"; and

5. the earliest date on which USCIS will complete adjudication.

See Luo Decl. ¶¶ 8–13; USCIS Transfer Notice dated June 24, 2026; USCIS Transfer Notice dated June 26, 2026.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her Form I-485, Application to Register Permanent Residence or Adjust Status, with USCIS on December 1, 2023. Compl., ECF No. 1 at 7–8; Luo Decl. ¶ 7. USCIS approved Plaintiff's underlying Form I-526E immigrant investor petition on May 7, 2025. Compl., ECF No. 1 at 9; Luo Decl. ¶ 7.

USCIS issued a Request for Evidence on November 28, 2025. Compl., ECF No. 1 at 9; Luo Decl. ¶ 7. Plaintiff submitted her response on December 3, 2025. Compl., ECF No. 1 at 9. For purposes of this renewed motion, Plaintiff uses the more conservative USCIS receipt date reflected in the Luo Declaration—December 15, 2025—to calculate the post-RFE delay. Luo Decl. ¶¶ 7, 11.

USCIS has not issued a decision, further RFE, Notice of Intent to Deny, or case-specific explanation for continued delay. Luo Decl. ¶¶ 7, 10–13. As of July 10, 2026, Plaintiff's application had remained pending approximately 208 days after USCIS received her complete RFE response. Luo Decl. ¶ 11.

Plaintiff has been detained since January 14, 2026. Compl., ECF No. 1 at 9–10. She has no criminal history and no prior immigration violations. Compl., ECF No. 1 at 10. Plaintiff is the mother of two children, ages 18 and 11, who reside in Johns Creek, Georgia, and her detention has disrupted her ability to care for and support them. Compl., ECF No. 1 at 10.

Plaintiff's removal hearing is scheduled for July 17, 2026. IJ Order dated July 7, 2026. Plaintiff sought a continuance so USCIS could adjudicate the pending Form I-485 first, but the Immigration

Judge denied that request. IJ Order dated July 7, 2026. The IJ stated that the previous continuance had been granted with the understanding that it would be the last continuance, that Plaintiff must identify relief the Immigration Court has jurisdiction to adjudicate, that "this court does not have jurisdiction of an adjustment application before USCIS," and that if no relief is identified, the court will proceed without delay and could issue an order of removal. IJ Order dated July 7, 2026.

USCIS's transfer notices further confirm the absence of any identified substantive impediment. On June 24, 2026, USCIS issued a transfer notice stating that it had completed preliminary review of Plaintiff's application and transferred the case to the National Benefits Center as part of standard processing. USCIS Transfer Notice dated June 24, 2026. On June 26, 2026, USCIS issued another transfer notice stating that the case was transferred to the California Service Center "to speed up processing." USCIS Transfer Notice dated June 26, 2026.

### III.    LEGAL STANDARD

A temporary restraining order requires Plaintiff to show that she is likely to succeed on the merits, that she is likely to suffer irreparable harm absent preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). When the government is the opposing party, the balance-of-equities and public-interest factors merge. *Nken v. Holder,* 556 U.S. 418, 435 (2009). The Ninth Circuit also permits relief where serious questions going to the merits are raised, the balance of hardships tips sharply in the movant's favor, and the remaining Winter factors are satisfied. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011).

Under the APA, each agency must proceed to conclude a matter presented to it within a reasonable time. 5 U.S.C. § 555(b). Courts evaluate unreasonable-delay claims under the TRAC

factors. *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984); *Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022).

Mandamus relief is also available where Plaintiff has a clear right to relief, Defendants have a clear duty to act, and no adequate alternative remedy exists. *In re A Community Voice*, 878 F.3d 779, 784 (9th Cir. 2017).

## IV. ARGUMENT

### A. Plaintiff Is Likely to Succeed Because She Now Supplies the Exact Comparator Evidence the Court Previously Found Missing.

The first TRAC factor asks whether the agency's delay is governed by a rule of reason, and courts often treat that factor as central to the unreasonable-delay inquiry. Here, the new comparator evidence shows that USCIS's post-RFE delay is not consistent with the adjudicatory pattern for materially similar cases.

Mr. Luo has practiced immigration law for more than fifteen years, substantially focusing on EB-5 matters, including I-526 and I-526E petitions, adjustment applications, RFEs, and post-RIA EB-5 matters for Chinese nationals. Luo Decl. ¶¶ 4–5. In the ordinary course of his practice, he tracks filing dates, approval dates, RFE issuance dates, RFE-response dates, and final adjudication dates in EB-5 matters. Luo Decl. ¶ 6.

Mr. Luo identified seven comparable post-RIA EB-5 adjustment cases involving Chinese nationals in which the applicant filed a Form I-485, the underlying Form I-526E had been approved, the relevant EB-5 visa category was current, and USCIS received a complete response to an outstanding RFE before final adjudication. Luo Decl. ¶ 8. In those seven comparable cases, USCIS issued final decisions within approximately 13 to 21 days after receiving the complete RFE

6

response, with a median post-RFE adjudication period of approximately 16 days. Luo Decl. ¶¶ 8–9.

Plaintiff's case is far outside that range. Using USCIS's December 15, 2025 RFE receipt date, Plaintiff's Form I-485 remained pending approximately 208 days after USCIS received her complete RFE response as of July 10, 2026. Luo Decl. ¶ 11. Mr. Luo further explains that a comparable post-RIA EB-5 adjustment case pending more than 90 days after USCIS receives a complete RFE response—without a new RFE, NOID, visa retrogression, pending background or security issue, or other identified case-specific impediment—falls outside the normal post-RFE adjudication pattern he observes. Luo Decl. ¶ 10.

That new evidence matters because it answers the comparator question with case-specific, practice-based data. Plaintiff does not present the seven cases as a national average. Rather, she presents them as directly responsive evidence showing that materially similar, later-filed, post-RFE EB-5 adjustment cases were adjudicated while Plaintiff's earlier-filed application remained pending. Luo Decl. ¶¶ 8–13. Those later-filed comparator approvals directly undercut any generic FIFO explanation for Plaintiff's continued post-RFE delay.

Defendants previously relied on general first-in, first-out processing principles. Even if FIFO may supply a rule of reason in some ordinary cases, Defendants cannot rely on that general principle here without explaining why later-filed comparable cases were approved while Plaintiff's earlier-filed, post-RFE application remained pending. Plaintiff does not seek priority over similarly situated applicants. The evidence shows similarly situated and later-filed applicants have already been adjudicated. Plaintiff seeks to restore, not disrupt, ordinary adjudicatory order.

The remaining TRAC factors also favor Plaintiff. The second factor is at least neutral because no statute provides a fixed I-485 deadline, but 5 U.S.C. § 555(b) still requires the agency to conclude the matter within a reasonable time.

The third and fifth factors strongly favor Plaintiff because liberty, detention, family integrity, and the preservation of a pending immigration benefit are all at stake. Plaintiff has been detained since January 14, 2026, remains in removal proceedings, and faces a July 17, 2026 hearing before a tribunal that has stated it cannot adjudicate her pending I-485. Compl., ECF No. 1 at 9–10; IJ Order dated July 7, 2026 (Ex. 1).

The fourth factor does not defeat relief. Plaintiff seeks a narrow, case-specific order in a single outlier case, not a wholesale reordering of USCIS priorities. USCIS itself transferred the case "to speed up processing," which undercuts any suggestion that this case must yield to unidentified higher-priority matters. USCIS Transfer Notice dated June 26, 2026.

The sixth factor is neutral because Plaintiff need not prove bad faith or impropriety to establish unreasonable delay.

At minimum, Plaintiff has now raised serious questions going to the merits. More strongly, she has shown a substantial likelihood of success on her unreasonable-delay claim.

**B. USCIS Is the Only Agency Capable of Adjudicating Plaintiff's Pending I-485 Before the July 17 Hearing.**

Under 8 C.F.R. § 245.2(a)(1), USCIS generally has jurisdiction to adjudicate adjustment applications unless jurisdiction lies with the immigration judge. Plaintiff filed her Form I-485 with USCIS, later departed and returned on advance parole while that application remained pending, and remains in the arriving-alien posture described in her pleadings. Compl., ECF No. 1 at 10–11.

The Immigration Judge's July 7 order confirms the practical reality. The IJ stated that "this court does not have jurisdiction of an adjustment application before USCIS." IJ Order dated July 7, 2026. The IJ also stated that the prior continuance was granted with the understanding that it would be the last continuance and warned that if no relief is identified, the court will proceed without delay and could issue an order of removal. IJ Order dated July 7, 2026.

Thus, EOIR cannot adjudicate the Form I-485. The IJ has denied a continuance. Administrative inquiries have not produced adjudication. USCIS is the only agency capable of deciding the application before the July 17 hearing.

**C. This Court Retains Jurisdiction Because Plaintiff Challenges Delay, Not a Discretionary Merits Decision or Removal Order.**

Plaintiff does not ask this Court to order USCIS to grant adjustment of status, review a future denial, stay removal, or enjoin EOIR. Plaintiff asks only that USCIS stop withholding a decision on a pending application it is required to adjudicate.

Under *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63–64 (2004), relief under 5 U.S.C. § 706(1) is available to compel a discrete agency action that the agency is required to take. Final adjudication of a pending Form I-485 is such a discrete action. The APA requires the agency to conclude matters presented to it within a reasonable time. 5 U.S.C. § 555(b). USCIS regulations likewise provide that the applicant shall be notified of the decision and, if denied, the reasons for denial. 8 C.F.R. § 245.2(a)(5)(i).

Plaintiff's claim is not a challenge to the substance of any future grant or denial under 8 U.S.C. § 1255(a). It is a challenge to antecedent inaction. Plaintiff challenges USCIS's failure to conclude a pending matter after accepting her Form I-485, issuing an RFE, receiving a complete response, completing preliminary review, transferring the case to speed processing, and allowing

materially similar later-filed cases to be adjudicated first. Compl., ECF No. 1 at 7–10; Luo Decl. ¶¶ 8–13; USCIS Transfer Notice dated June 24, 2026; USCIS Transfer Notice dated June 26, 2026.

Defendants have cited contrary authority reading 8 U.S.C. § 1252(a)(2)(B)(ii) broadly and treating pace-of-adjudication issues as discretionary. But this case is materially different from ordinary pace-of-review cases. Plaintiff is detained, the removal hearing is imminent, EOIR has disclaimed jurisdiction over the pending I-485, the IJ has denied a continuance, and Plaintiff now provides comparator evidence showing that her post-RFE delay is an outlier.

The requested order would not dictate outcome, weigh discretion, or determine eligibility. It would require only that USCIS do what the law requires: decide.

**D. Mandamus Provides an Independent Basis for Relief.**

Mandamus is independently appropriate. Plaintiff has a clear right to adjudication of her pending Form I-485 within a reasonable time. USCIS has a clear duty to adjudicate the application and notify Plaintiff of the decision. No adequate alternative remedy exists.

The duty is clear for the same reasons discussed above. Under 5 U.S.C. § 555(b), USCIS must conclude matters presented to it within a reasonable time. Under *In re A Community Voice*, 878 F.3d 779, 784 (9th Cir. 2017), an agency has a duty to fully respond to matters presented under its internal processes. Under 8 C.F.R. § 245.2(a)(5)(i), the applicant must be notified of the decision and, if denied, the reasons for denial.

No adequate alternative remedy exists. EOIR has already stated that it does not have jurisdiction over the pending I-485. IJ Order dated July 7, 2026. The Immigration Judge denied a continuance. IJ Order dated July 7, 2026. Plaintiff remains detained in immigration custody. Compl., ECF No. 1 at 9–10. A later agency decision is not an adequate remedy where the delay itself may materially change the posture of the application before USCIS acts.

### **E. Plaintiff Will Suffer Immediate and Irreparable Harm Absent Relief.**

Plaintiff's harm is immediate, concrete, and non-speculative.

Plaintiff has been detained since January 14, 2026. Compl., ECF No. 1 at 9–10. She faces a removal hearing scheduled for July 17, 2026. IJ Order dated July 7, 2026. The Immigration Judge denied a continuance, stated that "this court does not have jurisdiction of an adjustment application before USCIS," and warned that if no relief is identified, the court will proceed without delay and could issue an order of removal. IJ Order dated July 7, 2026.

This is not merely ordinary delay. Plaintiff's liberty is already restrained, and each additional day of unexplained delay prolongs detention while increasing the substantial and imminent risk that removal proceedings will overtake the still-pending application.

The threatened prejudice is also uniquely severe because a removal order entered before USCIS acts may materially worsen Plaintiff's posture in the later adjudication of the very application USCIS has delayed. USCIS's delay is not merely postponing a benefit. It risks altering the legal and discretionary facts USCIS may later consider. That self-created prejudice cannot be adequately remedied after the fact.

Plaintiff has no criminal history, no prior immigration violations, and strong family ties. Compl., ECF No. 1 at 10. Plaintiff is the mother of two children, ages 18 and 11, who reside in Johns Creek, Georgia, and her detention has disrupted her ability to care for and support them. Compl., ECF No. 1 at 10.

**F. The Balance of Equities and Public Interest Strongly Favor Narrow Emergency Relief.**

The requested order is narrow. Plaintiff does not seek approval of her application, a stay of removal, or an injunction against EOIR. She seeks only a decision or, failing that, a prompt, detailed explanation and hearing before the removal date.

Defendants will suffer no cognizable prejudice from being required to adjudicate an application that has been pending since December 1, 2023, where USCIS approved the underlying EB-5 petition on May 7, 2025, received the complete RFE response by December 15, 2025, completed preliminary review, transferred the case to speed processing, and has identified no case-specific impediment. Compl., ECF No. 1 at 7–10; Luo Decl. ¶¶ 7–13; USCIS Transfer Notice dated June 24, 2026; USCIS Transfer Notice dated June 26, 2026.

By contrast, Plaintiff faces detention, an imminent removal hearing, and potential immigration consequences before USCIS decides the application that may resolve her status. The equities sharply favor Plaintiff.

The public interest favors timely agency action, compliance with the APA and governing regulations, avoidance of unnecessary detention, and administrative efficiency. If USCIS grants the I-485, Plaintiff can seek appropriate relief in immigration court. If USCIS denies it, the parties and the Immigration Court can proceed on a concrete record. What is inequitable and inefficient is allowing removal proceedings to continue while USCIS withholds a decision on the application that may resolve the case.

**V.     RULE 65 NOTICE AND BOND**

Plaintiff has provided notice of this renewed emergency request to Defendants' counsel. Plaintiff also attempted to avoid further emergency litigation by asking Defendants to obtain an urgent USCIS update or adjudication in light of the July 17, 2026 hearing. Counsel communications with government counsel.

As of this filing, Plaintiff has not received confirmation that USCIS will adjudicate before the hearing. Ex. 3.

Because the removal hearing is scheduled for July 17, 2026, and the Immigration Judge has denied a continuance, immediate relief is necessary before Defendants can be heard on a regular motion schedule. IJ Order dated July 7, 2026.

No security bond should be required, or the bond should be set at zero, because Plaintiff seeks only to compel agency action on a pending application and Defendants face no monetary injury from the requested relief.

**VI.     CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this renewed emergency motion and enter a temporary restraining order requiring Defendants to issue a final adjudication of Plaintiff Xiangying Chen's Form I-485, receipt number WAC2490028885, by close of business on Thursday, July 16, 2026. For purposes of this motion, "close of business" means 5:00 p.m. Pacific Time. This deadline is necessary because Plaintiff faces a substantial and imminent risk that the July 17, 2026 removal hearing will overtake the pending USCIS adjudication before USCIS decides the application that may resolve her status.

If the Court is not inclined to order adjudication by that deadline, Plaintiff requests the less intrusive alternative of an order requiring Defendants, by 5:00 p.m. Pacific Time on Thursday, July 16, 2026, to file a detailed status report and to appear at an emergency hearing before Plaintiff's July 17, 2026 removal hearing.

That status report should identify with specificity any concrete, case-related impediment preventing adjudication by July 16, 2026; each remaining step before adjudication; why adjudication cannot occur by that date notwithstanding the comparator evidence; why further delay is consistent with USCIS's June 24, 2026 transfer notice stating that preliminary review had been completed and its June 26, 2026 transfer notice stating that the case was transferred to the California Service Center "to speed up processing"; and the earliest date on which USCIS will complete adjudication.

Plaintiff further requests that the Court waive any bond requirement or set bond at zero.

Respectfully Submitted,

This 14th day of July, 2026.

/s/ Karen Weinstock
Karen Weinstock
Attorney for Plaintiff (pro hac vice)
Weinstock Immigration Lawyers, P.C.
1827 Independence Square
Atlanta, GA 30338
Phone: (770) 913-0800 Fax: (770) 913-0888
kweinstock@visa-pros.com

/s/ Sarah L. Vuong
Sarah L. Vuong
Local Counsel
Ariela Lake Law & Consulting PLLC
CA Bar No. 258528
1221 Hermosa Ave. Suite 101
Hermosa Beach, CA 90254
(202) 996-5757
Sarah@allc.law

# **CERTIFICATE OF SERVICE**

I certify that on July 14, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to Defendants' attorney(s) of record.

*/s/ Karen Weinstock*
Karen Weinstock
Attorney for Plaintiff (pro hac vice)
Weinstock Immigration Lawyers, P.C.
1827 Independence Square
Atlanta, GA 30338
Phone: (770) 913-0800
Fax: (770) 913-0888
kweinstock@visa-pros.com

15